IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MASTEC NORTH AMERICA, INC.,
and MASTEC, INC.,

       Plaintiffs,

    v.

COOS COUNTY,

       Defendant.

_____

COOS COUNTY,

       Third-Party Plaintiff,

v.

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY, ARCH
INSURANCE COMPANY, INDUSTRIAL
GAS SERVICES, INC., and PIPELINE
SOLUTIONS, INC.,

       Third-Party Defendants.

_____

Civ. No. 04-278-AA

OPINION AND ORDER

1   - OPINION AND ORDER

David A. Bledsoe
Douglas R. Pahl
Julia E. Markley
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209
     Attorneys for plaintiffs

Jay T. Waldron
Darien S. Loiselle
Carson Bowler
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 S.W. 5th Avenue, Suite 1900
Portland, OR  97204
     Attorneys for defendant/third-party plaintiff Coos County

Loren D. Podwill
Randy L. Arthur
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 S.W. 5th Avenue
Portland, OR  97204
     Attorneys for third-party defendants American Manufacturers
     Mutual Insurance Company and Arch Insurance Company

AIKEN, Judge:

In their Third Amended Complaint, plaintiffs MasTec North America, Inc. and MasTec, Inc. bring claims against defendant Coos County for breach of contract, reformation of contract, assignment of rights, and *quantum meruit* arising from the construction of a natural gas pipeline project.  In turn, Coos County asserts counterclaims and third-party claims for breach of contract and indemnification.

Coos County now moves for dismissal of MasTec North America Inc.'s reformation and breach of contract claims for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  Coos County also moves for judgment on the pleadings with respect to plaintiffs' remaining claims for breach of contract, assignment of rights and *quantum meruit*. Fed. R. Civ. P. 12(c).  Also, third-party defendants American Manufacturers Mutual Insurance Company and Arch Insurance Company conditionally move for dismissal of Coos County's third-party claims against them, if Coos County's motions are granted.

<u>BACKGROUND</u>

Plaintiffs' Third Amended Complaint alleges the following:

MasTec, Inc. is a publicly-traded corporation that operates through and provides financing for its subsidiaries.  MasTec North America, Inc. (MasTec N.A.) is a construction company and wholly-owned subsidiary of Mastec, Inc.

In early 2003, Coos County sought to construct a pipeline system for the delivery of natural gas to Douglas and Coos Counties.  The pipeline system was to include a main pipeline approximately sixty miles long, with several lateral pipelines.

On or about May 7, 2003, Coos County - through project advisers Industrial Gas Services, Inc. and Pipeline Solutions, Inc. - issued revised bid documents and solicited bids for the construction of the pipeline portion of the pipeline system.

On May 20, 2003, plaintiffs and others submitted their bids. Although "MasTec North America, Inc." was named on the bid bond submitted to Coos County, "MasTec, Inc." was written in as the

contractor on the bid documents.

After plaintiffs returned the lowest bid, Coos County and the project advisors conducted a due diligence inquiry into plaintiffs and subsequently awarded plaintiffs the contract for construction of the pipeline.

On June 19, 2003, plaintiffs and Coos County formally executed the pipeline contract. Plaintiffs allege that all parties knew and agreed that MasTec N.A. would perform the work under the pipeline contract, even though "MasTec, Inc." is identified as the contracting party.

To secure plaintiffs' obligations under the contract, third-party defendants American Manufacturer's Mutual Insurance Co. (AMMIC) and Arch Insurance Co. (Arch) issued bid bonds and performance and payment bonds on behalf of MasTec N.A., as Principal, to Coos County, as Obligee. The surety bonds were required as security in the event that plaintiffs failed to meet their obligations under the pipeline contract with Coos County.

In June 2003, plaintiffs began construction of the pipeline. By the end of 2003, plaintiffs allege that they had almost completed construction of the main pipeline.

Plaintiffs claim that they properly performed the work required under the pipeline contract and submitted invoices to Coos County accordingly. Plaintiffs further allege that beginning in December 2003, Coos County wrongfully refused to pay invoices

submitted by plaintiffs.  Specifically, plaintiffs allege that Coos County owes $6,876,749.39 as progress payments on regular contract invoices and retainage amounts due as a result of Coos County's breach.  Plaintiffs also allege that Coos County owes $4,269,744.23 for additional pipeline construction work performed at the request of Coos County.  Finally, plaintiffs claim that Coos County owes them $15,000 for the costs of certain repairs that should have been paid by Coos County.

On February 25, 2004, MasTec, Inc. filed its original complaint against Coos County, alleging one cause of action for breach of the pipeline contract.

In April 2004, Coos County terminated plaintiffs as the contractor for the pipeline portion of the pipeline system.

On April 26 and November 16, 2004, MasTec, Inc. amended its complaint to include additional factual allegations regarding Coos County's breach of contract.  In response to MasTec, Inc.'s Second Amended Complaint, Coos County asserted that MasTec, Inc.'s failure to obtain a license from the Oregon Construction Contractors Board (CCB) bars any claim against Coos County seeking recovery under the pipeline contract.  Coos County also alleged third-party claims for breach of contract and indemnification against AMMIC, Arch, and the project advisors.

On August 26, 2005, through agreement of the parties,  adding MasTec N.A. as a party plaintiff and causes of action for breach of

contract based on reformation and assignment of rights and for *quantum meruit*.

DISCUSSION

Coos County moves for dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(c) for judgment on the pleadings. However, given that Coos County has not yet filed an Answer to plaintiff's Third Amended Complaint and both parties rely on facts outside the pleadings, I construe Coos County's motion for judgment on the pleadings as a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(c).

A. Motion for Summary Judgment

Coos County moves for judgment in its favor on plaintiffs' first, fourth, fifth and sixth causes of action - for breach of contract, assignment of rights, and *quantum meruit* - primarily on grounds that plaintiffs failed to comply with the registration and licensing requirement under Or. Rev. Stat §§ 701.055 and 701.065. Coos County argues that MasTec Inc.'s failure to obtain a license from the CCB prohibits MasTec, Inc. and MasTec N.A. from filing suit against Coos County for breach of contract or *quantum meruit* as alleged in plaintiffs' first, fifth and sixth causes of action. For the same reason, Coos County contends that MasTec, Inc. had no right of enforcement that could be assigned, and Mastec N.A.'s breach of contract claim based on assignment of rights alleged in

plaintiffs' fourth cause of action also fails.

In support of its motion, Coos County relies on facts and evidence beyond that alleged in plaintiffs' Third Amended Complaint, as do plaintiffs in response to the motion. Therefore, as stated above, Coos County's motion against these claims is reviewed under summary judgment standards.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324. All reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party, and all inferences facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1. Breach of Contract

In their first cause of action, both plaintiffs allege breach of the pipeline contract against Coos County. In response, Coos

County asserts that plaintiffs are barred from filing suit under the pipeline contract, because they failed to comply with the registration and licensing requirements under Oregon law.

Generally, "a contractor may not commence . . . a claim . . . in any court of this state for compensation for the performance of any work or for the breach of any contract for work that is subject to this chapter, unless the contractor had a valid license issued by the board" when "the contractor bid or entered into the contract for performance of the work" and "while performing the work for which compensation is sought."  Or. Rev. Stat. § 701.065(1)(a) and(b).  Thus, Coos County maintains that MasTec, Inc.'s failure to obtain a CCB license prior to bidding on the pipeline construction project precludes plaintiffs' breach of contract claim.

Plaintiffs respond that Coos County waived the defense under § 701.065(1) and is now estopped from asserting it in this action, because executed the pipeline contract with the intent and knowledge that MasTec N.A., a licensed contractor, would perform the pipeline construction.  However, plaintiffs cite no authority that entering into an agreement with an unlicensed contractor constitutes a waiver of a defense based on § 701.065.  Absent such authority, I am not inclined to find waiver or estoppel given the clear language of the statute.  Moreover, factual issues remain as to Coos County's knowledge and intent when executing the pipeline contract.

Plaintiffs next argue that § 701.065 does not apply to cases brought in federal court, because the statute explicitly prohibits an unregistered contractor from filing a claim "in any court of this state." Thus, plaintiffs argue that § 701.065 expressly limits the prohibition against filing suit to claims brought in state rather than federal court. Although persuasive, I decline to resolve this issue until it is first determined that § 701.065 would otherwise bar plaintiffs' claims.

Plaintiffs do not deny that MasTec, Inc. was not registered or licensed with the CCB when the pipeline contract was bid or when MasTec N.A. performed the work under the pipeline contract. Nevertheless, I decline to dismiss MasTec Inc.'s breach of contract claim on this ground.

Chapter 701 "is essentially a consumer Act designed primarily to protect the public from irresponsible builders." Parsons v. Henry, 65 Or. App. 627, 629, 672 P.2d 717 (1983); see also Hellbusch v. Rheinholdt, 275 Or. 307, 313, 550 P.2d 1199 (1976). To that end, contractors must possess a license from the CCB before bidding on or undertaking construction projects:

> A person may not undertake, offer to undertake or submit a bid to do work as a contractor unless that person has a current, valid license issued by the Construction Contractors Board. A partnership, corporation, or joint venture may not undertake, offer to undertake or submit a bid to do work as a contractor unless that partnership, corporation or joint venture is licensed under this chapter.

Or. Rev. Stat. § 701.055(1). In fact, a contractor who bids on or

performs such work without a valid license is guilty of a misdemeanor and subject to civil penalties. See Or. Rev. Stat. §§ 701.990(1), 701.992. Thus, § 701.065 supplements and enforces the licensing requirement by prohibiting a contractor from filing suit to recover damages for construction work it was not lawfully permitted to perform in the first place.

In this case, plaintiffs allege (and Coos County does not deny) that MasTec N.A., rather than MasTec, Inc., submitted the bid bond for construction of the pipeline and actually performed the work required by the contract. Further, plaintiffs allege that Coos County had actual knowledge that MasTec N.A. was the contractor for the pipeline construction. Based on the evidence presented thus far, MasTec N.A. arguably was licensed and registered with the CCB, thereby effectuating compliance with the statutory licensing requirements.[1] Yet, it was MasTec, Inc. that was named as the contracting party.

Notably, "[a] partnership or joint venture is licensed for the purpose of offering to undertake work as a contractor on a structure if any of the partners or joint venturers whose name

_____

[1]In its reply, Coos County for the first time argues that even if MasTec N.A. had contracted with Coos County, it is also barred from filing suit, because its CCB license was suspended during the construction of the pipeline. However, plaintiffs present evidence that MasTec N.A. submitted the required bond with an effective date prior to the lapse of its license. Declaration of Julia E. Markley (Markley Decl.) in Support of Sur-reply, Exs. A, B. Given this evidence, I decline to grant Coos County's motion on this ground at this time.

appears in the business name of the partnership or joint venture is licensed under this chapter." Or. Rev. Stat. § 701.055(1). A joint venture is a partnership for a single transaction and may be implied "in whole or in part from the conduct of the parties." Dority v. Driesel, 75 Or. App. 180, 183, 706 P.2d 995 (1985).

As alleged in plaintiffs' first claim for relief, both MasTec, Inc. and MasTec N.A. seek recovery of amounts allegedly owed under the pipeline contract, even though only MasTec, Inc. is named on the bid documents. Furthermore, evidence submitted by both parties raises the inference that Coos County treated MasTec, Inc. and MasTec N.A. as one and the same company, and that MasTec, Inc. and MasTec N.A. acted as a single corporation for purposes of the pipeline contract.

For example, when the pipeline project was first bid, it was "MasTec North America" that participated and signed in for the bid walk. Declaration of David A. Bledsoe (Bledsoe Decl.), Ex. 3. Likewise, the bid and performance bonds required under public contracting law named "MasTec North America, Inc." as Principal, although the bid documents identify "MasTec, Inc." as the contractor. Markley Decl. in Support of Sur-Reply, Exs. A, D, E. Further, Coos County conducted its due diligence inquiry primarily into MasTec N.A. and MasTec, Inc. and learned that MasTec N.A. held a CCB license. Bledsoe Decl, Ex. 10; Markley Decl. in Support of Response to Coos County's Motion, Exs. F-H. Nonetheless, in its

notice of intent dated May 30, 2003, Coos County declared its intent to award the pipeline project to "MasTec, Inc." and mailed the notice to "MasTec N.A.".  Bledsoe Decl., Ex. 11.

Like the original pipeline contract, "MasTec, Inc." is named as the contracting party on amendments to the pipeline contract. Clark Besack agreed to these amendments on behalf of MasTec, Inc., even though he is an employee of MasTec N.A. and was its manager for the pipeline project.  Declaration of Carson Bowler, Ex. A.; Declaration of Clark Besack, p. 2.  On letterhead that states simply "MasTec," Besack submitted invoices to Coos County on behalf of MasTec N.A. and requested payment in the name of "MasTec North America, Inc."  Bledsoe Decl., Ex. 15.  Finally, before Coos County ceased payment on submitted invoices, it issued several checks made out to both "MasTec North America, Inc." and "MasTec, Inc." for work performed under the contract.  Id. Ex. 16.

Thus, it appears that "MasTec, Inc." and "MasTec North America, Inc." were used interchangeably as the name of the pipeline contractor.  At a minimum, the evidence presented raises an inference that MasTec, Inc. and MasTec N.A. engaged in a joint venture or acted as one corporation with respect to the pipeline construction project.  In either case, § 701.065 likely would be inapplicable.  Although Coos County argues that holding companies and subsidiaries are treated as separate entities under well-established principles of law, the evidence presented thus far

raises a questions of fact as to whether MasTec N.A. was truly a separate corporate entity from MasTec, Inc.

Therefore, Coos County's motion against plaintiffs' first cause of action for breach of contract is denied.

### 2. Breach of Contract Based on Assignment of Rights

In their fourth cause of action, plaintiffs allege in the alternative that MasTec Inc. assigned its rights and delegated its duties under the pipeline contract to MasTec N.A. in 2003, prior to MasTec, Inc.'s commencement of suit against Coos County. Plaintiffs argues that because MasTec N.A. performed the duties under the contract, it now has the right to enforce the contract.

Coos County maintains that any so-called assignment of rights cannot overcome the prohibition against unlicensed contractors filing suit, because to do so would negate the licensing requirements under § 701.055. However, the purpose of Chapter 701 is to protect consumers from unlicensed and unregistered contractors, and plaintiffs do not seek to obtain recovery for work performed by an unlicensed contractor. Therefore, I fail to see how plaintiff's alternative claim alleging assignment of rights circumvents Oregon law.

Coos County argues that plaintiffs' claim for assignment of rights must fail regardless, because MasTec, Inc. was not licensed with the CCB when the pipeline was bid and thus never possessed the an assignable right to enforce the contract. Plaintiffs respond

that an assignment is subject only to those defenses arising before the assignment, and that the defense under § 701.065 arose only upon commencement of suit - after MasTec Inc.'s assignment of rights to MasTec N.A.[2]  I agree as applied to the facts of this case.

The failure of a contractor to register with the CCB does not render a construction contract void or extinguish the rights or responsibilities under the contract.  See former Or. Rev. Stat. § 279.029(6)(a)(1) (repealed by Laws 2003 ch. 794, § 332 as of March 1, 2005); Schlumberger Tech., Inc. v. Tri-Met, 145 Or. App. 12, 17, 929 P.2d 331 (1996) (substantial compliance with § 701.065 sufficient for purposes of public contract bidding statutes). Consequently, at the time of MasTec Inc.'s alleged assignment, the parties' rights and responsibilities under the pipeline contract were not affected by MasTec Inc.'s failure to obtain a CCB license.

Thus, if MasTec, Inc. did, in fact, assign its rights and delegate its duties under the contract to MasTec N.A. in 2003, I find that MasTec Inc.'s lack of CCB license does not preclude MasTec N.A. from filing suit to enforce the contract.  Accordingly, Coos County's motion against plaintiff's fourth cause of action is denied.

---

[2]Although this assertion is accepted as true for purposes of this motion, if MasTec, Inc. assigned its rights under the contract to MasTec N.A. in 2003, the court wonders why it was MasTec, Inc. that originally filed suit in 2004.

3.  Claims for *Quantum Meruit*

In their fifth and sixth causes of action, MasTec N.A. and MasTec, Inc., respectively, allege alternative claims for *quantum meruit.*  Coos County moves for dismissal of plaintiffs' claims based on *quantum meruit,* arguing that the statutory prohibition against suit by unlicensed contractors likewise bars plaintiffs' claims based on *quantum meruit.*  Further, Coos County argues that MasTec N.A. may not obtain recovery under theories of implied or quasi-contract, because the pipeline construction was a public works project and subject to the bidding requirements of Oregon law.

*Quantum meruit* is a quasi-contractual claim, the purpose of which "is to prevent unjust enrichment at the expense of another." Schroeder v. Schaefer, 258 Or. 444, 466, 483 P.2d 818 (1971); see also Safeport, Inc. v. Equip. Roundup & Mfg., Inc., 184 Or. App. 690, 706, 60 P.3d 1076 (2002); Kashmir v. Patterson, 43 Or. App. 45, 47-48, 602 P.2d 294 (1979) ("*Quantum meruit* is a form of restitution where the plaintiff has performed services for defendant and seeks to recover their fair value. . . . It is a remedial device which the law affords to accomplish justice and prevent unjust enrichment."), aff'd 289 Or. 589, 616 P.2d 468 (1980).  To recover under *quantum meriut*, the plaintiff must show that a benefit was conferred, the recipient knowingly received the benefit, and "under the circumstances, it would be unjust to allow

retention of the benefit without requiring the recipient to pay for it."  Safeport, Inc., 184 Or. App. at 706, 60 P.3d 1076 (citing Jaqua v. Nike, Inc., 125 Or. App. 294, 298, 865 P.2d 442 (1993)).

Both plaintiffs bring claims under *quantum meruit* in the alternative in the event that either is unable to enforce the pipeline contract through breach of contract.  "[T]he use of a *quantum meruit* claim as an alternative to a breach of contract claim is so common that it is not only unremarkable but something that is expected."  Mount Hood Cmty. Coll. v. Federal Ins. Co., 199 Or. App. 146, 158, 111 P.3d 752 (2005).  However, "[w]hen *quantum meruit* and contract claims are pleaded in the alternative, the *quantum meruit* claim becomes relevant only if the contract does not address the services for which recovery in *quantum meruit* is sought."  L.H. Morris Elec. v. Hyundai Semiconductor Am., Inc., 203 Or. App. 54, 66, 125 P.3d 1 (2005).

Coos County argues that because Oregon law requires a public works project to be governed by a written bid and contract, MasTec N.A. cannot seek recovery under theories of implied or quasi-contract.[3]  However, the pipeline project is governed by a written bid contract, and Coos County makes no allegation that the technical bid and licensing requirements of public contracting law

---

[3]Coos County also argues that § 701.065 bars MasTec N.A.'s *quantum meruit* claim, because it was not licensed continuously during the pipeline project.  However, as explained above, I decline to make any such finding in light of the evidence presented.

were not met in this case so as to render the contract void. <u>See</u> <u>Schlumberger Tech., Inc.</u>, 145 Or. App. at 17, 929 P.2d 331; <u>McKinstry Co. v. Smith</u>, 85 Or. App. 607, 611, 738 P.2d 203 (1987) ("Failure to register did not and does not render the contract entered into void or voidable; however if the builder is not paid, he is barred from filing a lien or bringing or maintaining an action in state court . . . .").

Further, unlike the cases cited by plaintiff, this case does not involve a public body's failure to comply with laws governing the formation of public contracts. <u>See</u> <u>Wegroup PC/Architests and Planners v. Oregon</u>, 131 Or. App. 346, 350-51, 355 n.4 (1994); <u>Twohy Bros. v. Ochoco Irr. Dist.</u>, 108 Or. 1, 22-25, 210 P. 873 (1922). Rather, MasTec N.A. - as a contractor licensed with the CCB - seeks recovery for work it was intended to perform under a written public works contract that allegedly misidentifies the contractor. Therefore, I find that Oregon public contracting law does not bar MasTec N.A.'s claim based on *quantum meruit*.

Finally, Coos County argues that *quantum meruit* is not available to MasTec N.A. as a remedy, because an express contract governs the parties' dispute. However, if the court finds that MasTec, Inc. is the sole contracting party and that claims for reformation or assignment of rights are unavailing, MasTec N.A. would not be a party to the contract, and the underlying contract would not govern the work performed by MasTec N.A. Accordingly, at

this stage of the pleadings, I find that MasTec N.A. may bring an alternative claim for unjust enrichment, and Coos County's motion against plaintiffs' fifth cause of action is denied.

With respect to MasTec, Inc., Coos County argues that MasTec, Inc.'s failure to possess a CCB license not only bars its claim for breach of contract but also any claim based on *quantum meruit*.

Based on the facts alleged in plaintiffs' Third Amended Complaint, the pipeline contract, naming MasTec, Inc. as the contractor, governs the services for which recovery is sought. Thus, MasTec, Inc's *quantum meruit* claim becomes relevant only if § 701.065 prevents MasTec, Inc. from filing suit to seek recovery under the contract. However, the failure to obtain a CCB license not only bars a claim for breach of contract, it also precludes recovery under the theory of *quantum meruit*. See Roelle v. Griffin, 59 Or. App. 434, 437 n.2, 651 P.2d 147 (1982) (claim in quantum meruit is not an exception to the statutory prohibition against maintaining action for compensation for work performed without CCB license).

Therefore, I find that MasTec, Inc. cannot seek recovery for services performed under the pipeline contract based on the theory of *quantum meruit*, and Coos County's motion for summary judgment is granted as to plaintiffs' sixth cause of action.

B.  Motion to Dismiss for Failure to State a Claim

Coos County argues that plaintiffs' second and third causes of

action - brought by MasTec N.A. for reformation and breach of contract - must be dismissed for failure to state a claim under Rule 12(b)(6). Specifically, Coos County argues that MasTec N.A.'s claim for reformation fails because plaintiffs do not allege an antecedent agreement necessary to support this claim. Alternatively, Coos County argues that plaintiffs fail to plead the alleged mistake supporting reformation with sufficient particularity under Rule 9(b).

Dismissal for failure to state a claim is warranted when it appears to a certainty that the plaintiff can prove no set of facts in support of that claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

Plaintiffs' second and third causes of action are brought in the alternative to plaintiffs' first cause of action for breach of contract. See Third Amended Complaint, pp. 6-7. Plaintiffs allege that the pipeline contract mistakenly refers to "MasTec, Inc." as the contracting party, even though the parties intended, agreed and understood that MasTec N.A. would perform the work required under the contract. Thus, plaintiffs seek to reform the pipeline contract and name MasTec, N.A. as the contracting party. Upon

reformation, MasTec N.A. alleges breach of contract.

"Reformation is available when the parties, having reached an agreement and having then attempted to reduce it to writing, fail to express it correctly in the writing." Aero Sales, Inc. v. City of Salem, 200 Or. App. 194, 203, 114 P.3d 510 (2005) (internal quotation marks and citations omitted). "A party seeking reformation of a contract has the burden to establish the following elements by clear and convincing evidence: '(1) that there was an antecedent agreement to which the contract can be reformed; (2) that there was a mutual mistake or a unilateral mistake on the part of the party seeking reformation and inequitable conduct on the part of the other party; and (3) that the party seeking reformation was not guilty of gross negligence.'" Id. at 196, 114 P.3d 510 (quoting Jensen v. Miller, 280 Or. 225, 228-29, 570 P.2d 375 (1977)).

"Although reformation requires sufficient proof of an antecedent agreement, there 'need not be a binding agreement prior to the writing of which reformation is sought.'" Pioneer Resources, LLC v. D.R. Johnson Lumber Co., 187 Or. App. 341, 367, 68 P.3d 233 (2003) (quoting DeTweede v. Barnett Estate, 160 Or. 406, 411, 85 P.2d 361 (1939)). Nevertheless, the antecedent agreement must be sufficiently specific so that a contract can be reformed to accurately reflect the parties' intent. Id. at 368.

Here, I find that plaintiffs allege the antecedent agreement

with sufficient specificity to support a claim for reformation. Plaintiffs allege that MasTec N.A. was named on the bid bond submitted with the bid documents, and that through the bid bond and the due diligence inquiry conducted by Coos County and its project advisors, Coos County knew and agreed that MasTec N.A. would be the entity constructing the pipeline. Further, plaintiffs allege that all parties executed the contract with the knowledge and intent that MasTec N.A. would perform the construction of the pipeline, despite the fact that "MasTec, Inc." was named as the contractor on the bid documents.

Contrary to Coos County's arguments, I do not find that plaintiffs allege a separate oral agreement between MasTec N.A. and Coos County or an oral modification of the pipeline contract. Rather, plaintiffs allege that through a mutual mistake, the contract does not reflect the agreement and intent of the parties that MasTec N.A. serve as the contractor for construction of the pipeline. Therefore, I find that plaintiffs allege a sufficient antecedent agreement between the parties to support a claim for reformation.

Next, Coos County argues that plaintiffs fail to allege the mutual mistake of the parties with the particularity required by Rule 9(b), and that plaintiffs' reformation claim should be dismissed or made more definite and certain.

Rule 9(b) provides, in pertinent part: "In all averments of

fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Coos County maintains that plaintiffs fail to allege the time, place, or nature of the mistake, and the reasons the mistake was made. However, the cases cited by Coos County in support of this argument, as do most cases, involve the heightened pleading standard required for allegations of fraud rather than mistake. See, e.g., Wagh v. Metris Direct, Ins., 348 F.3d 1102, 1109 (9th Cir. 2003); Concha v. London, 62 F.3d 1493, 1502 n.6 (9th Cir. 1995). Fraud, unlike mistake, requires an intent to deceive, and I do not find the pleading requirements for fraud applicable in this case. See Caldwell v. Pop's Homes, Inc., 54 Or. App. 104, 112, 634 P.2d 471 (1981); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992) (Why "allegations of mere mistake should have to be particularized is a mystery").

Instead, I find that plaintiffs plead facts constituting the alleged mistake with sufficient specificity. Essentially, plaintiffs allege that the contract mistakenly refers to "MasTec, Inc." rather than to "MasTec North America, Inc." as the contractor for the pipeline project, and that this was a mutual mistake of the parties when they executed the pipeline contract.[4] These

---

[4]In its reply, Coos County asserts for the first time that no mistake occurred when the name "MasTec, Inc." was inserted as the contracting party, based on the affidavit of William L. White, a former MasTec employee. However, such allegations are outside the pleadings for purposes of Rule 12(b)(6) and raise

allegations advise Coos County of the nature of the mistake and the circumstances under which it occurred.

In sum, I find that plaintiffs state a claim for reformation of contract and for breach of contract upon reformation, and Coos County's motion to dismiss plaintiffs' second and third causes of action are denied.

## C.  Sureties' Motions on the Pleadings

Third-party defendants AMMIC and Arch also move for judgment on the pleadings with respect to Coos County's third-party claims against them.  AMMIC and Arch argue that if Coos County is successful in persuading the court that its pipeline contract dispute lies with MasTec, Inc. rather than MasTec N.A., Coos County has no claim against the bonds issued by the sureties for which MasTec N.A. is the named principal.  In other words, AMMIC and Arch agreed to provide surety bonds to secure MasTec N.A.'s performance under the pipeline contract, and their liability under the bonds arise only from the contractual obligations owed by MasTec N.A., as principal, to Coos County, as obligee.  Thus, if MasTec N.A. is not considered a party to the contract, AMMIC and Arch argue that they owed no contractual duties to Coos County and could not have been declared in default so as to trigger the security obligations under the bonds.

---

issues of fact that cannot be resolved at this stage of the proceedings.

Although persuasive, AMMIC and Arch's motion is rendered moot by the denial of Coos County's motion against plaintiffs' breach of contract claims. AMMIC and Arch are granted leave to renew their motion if, upon further discovery, Coos County asserts the same or similar arguments on summary judgment.

CONCLUSION

Defendant Coos County's Motions Against Plaintiffs' Third Amended Complaint (doc. 52) is GRANTED with respect to plaintiffs' Sixth Claim for Relief and DENIED in all other respects. Third-party defendants AMMIC and Arch's Motion for Judgment on the Pleadings (doc. 55) is DENIED.

IT IS SO ORDERED.

DATED this __24__ day of January, 2006.


_____/s/ Ann Aiken_____
            Ann Aiken
    United States District Judge