IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MASTEC NORTH AMERICA, INC.,                    Civ. No. 04-278-AA
and MASTEC, INC.,
                                               OPINION AND ORDER
          Plaintiffs,

     v.

COOS COUNTY,

          Defendant.
_____

COOS COUNTY,

          Third-Party Plaintiff,

     v.

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY, ARCH
INSURANCE COMPANY, INDUSTRIAL
GAS SERVICES, INC., and PIPELINE
SOLUTIONS, INC.,

          Third-Party Defendants.
_____


1    - OPINION AND ORDER

Jay T. Waldron
Darien S. Loiselle
Carson Bowler
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 S.W. 5th Avenue, Suite 1900
Portland, OR  97204
     Attorneys for defendant/third-party plaintiff Coos County

Arnold L. Gray
Angela M. Otto
STEWART SOKOL & GRAY, LLC
2300 S.W. First Avenue, Suite 200
Portland, OR  97201
     Attorneys for third-party defendants Industrial Gas Services
     and Pipeline Solutions, Inc.

AIKEN, Judge:

     Plaintiffs MasTec North America, Inc. and MasTec, Inc. filed

a Third Amended Complaint alleging claims against defendant Coos

County for breach of contract, reformation of contract, assignment

of rights, and *quantum meruit* arising from a contract for the

construction of a natural gas pipeline project.  In turn, Coos

County asserts third-party claims for breach of contract and

indemnification against Industrial Gas Services (IGS) and Pipeline

Solutions, Inc. (PSI), parties that were employed by Coos County as

"Project Advisors" for the pipeline project.

     IGS and PSI now move for dismissal of Coos County's claims

against them for failure to comply with Or. Rev. Stat. § 31.300.

The motion is denied.

## DISCUSSION

     Or. Rev. Stat. § 31.300 bars suit against a "construction

design professional" unless the claimant files a certification that

2    - OPINION AND ORDER

counsel "has consulted a licensed construction design professional who is qualified, available and willing to testify to admissible facts and opinion sufficient to create a question of fact as to the liability of the construction design professional." Or. Rev. Stat. § 31.300(2).  If the relevant limitations period is approaching, counsel may file an affidavit in lieu of certification stating that counsel has attempted consultation with a qualified design professional and that the required certification will be filed within thirty days of the complaint or as allowed by the court. Id. § 31.300(3).  Further, the certification or affidavit must be filed with or made part of the original complaint, counterclaim, cross-claim, or third-party complaint.  Id. § 31.300(2),(3).

Here, it is undisputed that IGS and PSI are "construction design professionals" within the meaning of the statute, and that Coos County did not file a certification under § 31.300 when it filed third-party claims against IGS and PSI.  However, Coos County argues that § 31.300 does not apply in this case, because it conflicts with the pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Coos County emphasizes that the certification must attest that an expert construction design professional is qualified and willing to testify "as to the standard of care applicable to the alleged facts" and that "the alleged conduct of the construction design professional failed to meet the standard of professional care applicable . . . in the

circumstances alleged."  Or. Rev. Stat. § 31.300(2).

I agree that § 31.300 arguably constitutes a pleading requirement, because a certification regarding the standard of care "applicable to the alleged facts" must be filed with or made part of the original complaint, suggesting that the complaint itself must contain particular allegations of fact.  See Boone v. Knight, 131 F.R.D. 609, 611 (S.D. Ga. 1990).  If so, § 31.300 is inconsistent with Federal Rule of Civil Procedure 8 which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Even if no conflict with federal pleading requirements exists, I question whether § 31.300 is "outcome determinative" so as to constitute substantive state law this court must apply when sitting in diversity.  See Snead v. Metropolitan Prop. & Cas. Ins. Co., 237 F.3d 1080, 1090 (9th Cir. 2001).  Regardless of the forum, a plaintiff alleging claims against a construction design professional arising "out of the provision of services within the course and scope of the activities for which the person is licensed" still must establish that the construction design professional failed to meet the applicable standard of care.  Or. Rev. Stat. § 31.300(2).  Thus, the only significant impact of § 31.300 is that a meritless case against a construction design professional will be dismissed earlier in the proceedings.  See id. at 1091 (discussing application of Oregon summary judgment

4    - OPINION AND ORDER

standards in burden-shifting discrimination claims).

Nevertheless, in this case, I need not decide whether § 31.300 conflicts with federal pleading requirements or constitutes substantive law.  Even if § 31.300 applies to federal causes of action, the statute does not mandate dismissal with prejudice, and Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); Or. Rev. Stat. § 31.300(4); see Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004). Coos County attests that it gave notice to IGS and PSI in May of 2004 that it had consulted with a construction design professional who is qualified to testify as to IGS's and PSI's conduct with respect to the pipeline project, and IGS and PSI did not file their motion to dismiss until over one year after the filing of Coos County's third party claims.  Therefore, neither party will be prejudiced by the filing of a certification under § 31.300.

Accordingly, Coos County is granted leave to amend its third party complaint and include a certification under § 31.300 that it has consulted with a construction design professional who is qualified and willing to testify with respect to IGS's and PSI's conduct as Project Advisors.

///

///

///

5    - OPINION AND ORDER

CONCLUSION

IGS and PSI's Motion to Dismiss (doc. 94) is DENIED.  Within thirty days from the date of this order, Coos County shall amend its third party complaint and file a certification under § 31.300 as directed.

IT IS SO ORDERED.

DATED this __7__ day of July, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

6     - OPINION AND ORDER